# Fifth District Court of Appeal
## State of Florida

_____

Case No. 5D2025-2267
LT Case Nos. 2017-CP-001518
2020-CA-001953

_____

MARGARET GREEN a/k/a PEGGY
M. GREEN, INDIVIDUALLY AND IN
HER CAPACITY AS GENERAL
PARTNER OF BIG OAKS RANCH
LIMITED PARTNERSHIP, et al.,

     Appellant,

     v.

RAYMOND M. GREEN and
RICHARD B. GREEN, IN THEIR
CAPACITY AS LIMITED PARTNERS
OF, AND DERIVATIVELY FOR, BIG
OAKS RANCH LIMITED
PARTNERSHIP, et al,

     Appellees.

_____

On appeal from the Circuit Court for Seminole County.
William Orth, Judge.

Christopher N. Bellows, Ryan Kocse, and Chazz Freeman, of
Holland & Knight, LLP, Miami, and Alan Lawson, Jason
Gonzalez, Eric Reed, Mathew Gutierrez, and Caroline May Poor,
of Lawson Huck Gonzalez, LLC, Tallahassee, and Meredith Pitts
Smith, of Copeland, Covert and Smith, PLLC, Altamonte
Springs, for Appellant.

T. Todd Pittenger and Kelly J.H. Garcia, of Gray Robinson, P.A., Orlando, for Appellees.

August 14, 2026

LAMBERT, J.

Appellant challenges the final judgment awarding attorney's fees and court costs to Appellees that were predicated upon the trial court having determined that Appellees were the prevailing party in the consolidated cases below. At the time that Appellant filed this attorney's fees and costs appeal, her appeal of the underlying judgments rendered in the consolidated cases was pending before this court.

We recently issued an opinion in the consolidated merits appeal affirming the judgments in part, reversing them in part, and remanding the matter for further consideration.[1] The reversal has resulted in Appellant now being the prevailing party on a significant issue in the cases involving the distribution of homestead property.

Based on this outcome, we reverse the instant final judgment awarding attorney's fees and court costs; and the matter is remanded for reconsideration by the trial court of both the entitlement and the amount of attorney's fees and costs to be awarded. *See Marty v. Bainter*, 727 So. 2d 1124, 1125 (Fla. 1st DCA 1999) ("Consequently, an award of attorney's fees and costs predicated on a reversed or vacated final judgment also must be reversed." (citations omitted)); *Corley v. Rivertown, Inc.*, 863 So. 2d 1244, 1246 (Fla. 5th DCA 2004) ("The test to determine the prevailing party provides that the party that prevailed on the significant issues tried before the court is the prevailing party entitled to an award of attorney's fees." (citing *Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993); *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992))); *Bd. of Regents v. Winters*, 918 So.

---

[1] *Green v. Green*, 51 Fla. L. Weekly D1519 (Fla. 5th DCA July 24, 2026).

2

2d 313, 315 (Fla. 2d DCA 2005) (holding that a determination of the reasonable amount of attorney's fees usually takes into account the results obtained in the litigation).

Our reversal is without prejudice to either party appealing a subsequent final judgment on attorney's fees and court costs entered by the trial court following our remand.

REVERSED without prejudice and REMANDED for further proceedings.

JAY, C.J., and MACIVER, J., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---